

# McLennan COMMUNITY COLLEGE

July 6, 2022

Dear President McKown and Professor Hubble,

      Pursuant to McLennan Community College's (MCC) formal due process policy (Policies and Procedures: F-III-a, section, X of the Personnel Handbook), please consider this as the Due Process Committee's full written report, supported by explicit findings of fact, regarding Professor Hubble's dismissal.

**Brief Timeline as to Due Process:**
1/25/22 – Incident in MAC parking lot between Professor Hubble and Officer Etchison
1/25/22 – Chief Williams' request to meet with Professor Hubble
2/1/22 – Arrest of Professor Hubble by MCCPD
2/7/22 – Letter by VPI, Dr. Fred Hills, to President, Dr. McKown, regarding employment
2/7/22 – Letter by Dr. McKown to Professor Hubble regarding employment
3/17/22 – Conference with Professor Hubble and MCC, attorneys present
5/6/22 – Advisory Committee's recommendation to Dr. McKown to move forward with a Due Process Hearing Committee
5/10/22 – Letter by Dr. McKown to Professor Hubble regarding Due Process Hearing Committee members and hearing procedures
6/29 – 6/30 – Formal due process hearing with transcript

See transcript for more details regarding testimony, procedure and exhibits.

**Findings and Recommendations:**
The Committee finds by **majority vote** the following conclusions to each of the grounds for good cause contained in Dr. McKown's letters to Professor Casey Hubble regarding his dismissal. The grounds are listed below in black and the Committee's findings are in red:

    1)   The Professional Educator shall treat all persons with respect, dignity, and justice, discriminating against no one on any arbitrary basis such as ethnicity, creed, gender, disability or race.

The Committee finds by majority vote that Professor Hubble did not treat Officer Etchison with respect or dignity by:
- Choosing to pull up behind Officer Etchison's patrol car during an active traffic stop when there were other viable routes and parking places available. (MCC Exhibits 1, 2 and 12)

www.mclennan.edu
1400 College Drive • Waco, Texas 76708 • 254.299.8622

**EXHIBIT 5**



- Choosing to yell at Officer Etchison during an active traffic stop when her safety was at risk. (MCC Exhibits 1, 2 and 12)
- Choosing to get out of his car and walk toward Officer Etchison in an aggressive manner while continuing to yell at her during an active traffic stop with students and bystanders observing. (MCC Exhibits 1, 2 and 12)
- Causing Officer Etchison to divert her attention away from the student driver at least two times to deal with his demands which created a safety issue for her and those around her. (MCC Exhibits 1, 2 and 12)
- Choosing to call Officer Etchison's attitude toward him "abusive and hostile" in his email to Chief Williams. (MCC Exhibit 4)
- Choosing to accuse Officer Etchison of "blocking his access to handicap parking" when there were other viable avenues and parking places available. (MCC Exhibit 4 and Hubble Exhibit 12)

The Committee finds by majority vote that Professor Hubble did not treat the bystanders on campus with respect or dignity by:
- Causing a scene in the middle of campus that involved an active traffic stop. (MCC Exhibits 2, 13-15)
- Alarming students who were watching from inside the MAC building to such a point that they thought it necessary to video the scene. (MCC Exhibits 2, 13-15)


2)   The Professional Educator shall work to enhance cooperation and collegiality among students, faculty, administrators, and other personnel.

The Committee finds by majority vote that Professor Hubble did not enhance cooperation and collegiality among students, faculty and other personnel, to wit: an MCC Police Officer:

- By impeding Officer Etchison in the professional execution of her roles, duties, and obligations as an MCC police officer. (MCC Exhibits 1, 2 and 12)
- By forcing Officer Etchison to avert her focus from the professional execution of her roles, duties, and obligations as an MCC police officer. (MCC Exhibits 1, 2 and 12)
- By disregarding Officer Etchison's command of "You're going to have to go around," as part of the professional execution of her roles, duties, and obligations as an MCC police officer. (MCC Exhibits 1, 2 and 12)
- By acting in direct opposition to the officer's direction of "You're going to have to go around," as part of the professional execution of her roles, duties, and obligations as an MCC police officer. (MCC Exhibits 1, 2 and 12)

# McLennan COMMUNITY COLLEGE

- By repeatedly interrupting Officer Etchison in the professional execution of her roles, duties, and obligations as an MCC employee. (MCC Exhibits 1, 2 and 12)
- By repeatedly subverting Officer Etchison's authority, both verbally and non-verbally with multiple witnesses observing. (MCC Exhibits 1, 2 and 12)
- By escalating a situation that forced the officer to choose to disengage from the professional execution of her roles, duties, and obligations in an effort to de-escalate Professor Hubble's concerns and priorities. (MCC Exhibits 1, 2 and 12)

Professor Hubble's actions failed to enhance cooperation or collegiality with MCC personnel, specifically in relation to Officer Etchison on 1/25/2022:

- By denying her expertise in the operation of her professional duties. (MCC Exhibits 1, 2 and 12)
- By disrupting her efforts to execute professional duties. (MCC Exhibits 1, 2 and 12)
- By impeding her in the execution of her professional duties. (MCC Exhibits 1, 2 and 12)
- By forcing her into a nonstandard execution of duties (by convincing her to move her vehicle). (MCC Exhibits 1, 2 and 12)
- By creating risk to her safety and others due by introducing uncertainty and disruption into the standard execution of her professional duties. (MCC Exhibits 1, 2 and 12)

Professor Hubble's actions failed to enhance cooperation and collegiality with MCC personnel, specifically in relation to Chief Clayton Williams on 1/25/22:

- By rejecting the opportunity to meet with Chief Williams to discuss the incident with Officer Etchison. (MCC Exhibit 4)
- By mischaracterizing the nature of the interaction with Officer Etchison by describing her responses as "abusive and hostile". (MCC Exhibit 4)

3) The Professional Educator shall recognize and preserve the confidential nature of professional relationships, neither disclosing nor encouraging the disclosure of information or rumor which might damage or embarrass or violate the privacy of any other person.

The Committee finds by majority vote that Professor Hubble has not recognized and preserved the confidential nature of professional relationships, neither disclosing nor encouraging the disclosure of information or rumor which might damage or embarrass or violate the privacy of any other person by:

- Entering a confidential report into evidence which was not issued to him in an official capacity. The Committee recognizes that the identity of most individual's names was redacted in the exhibit; however, Professor Hubble testified on 6/30/2022 to the identity of two current or prior



employees that could damage or embarrass or violate the privacy of one or both of these individuals. (Hubble Exhibit 5)
- Choosing to expand on and identify redacted names in an open hearing without regard to their privacy. The names did not aid in his defense. (Hubble testimony – see transcript)
- Discussing the name of the individual in Professor Hubble's Exhibit 7. While he has a right to express his concern over the College's hiring of an individual charged with a crime, the disclosure of this employee's identity might damage, embarrass, or violate the privacy of the individual. The names did not aid in his defense. (Hubble Exhibit 7)

4) The Professional Educator shall maintain competence through continued professional development, shall demonstrate that competence through consistently adequate preparation and performance, and shall seek to enhance that competence by accepting and appropriating constructive criticism and evaluation.

The Committee finds by majority vote that Professor Hubble did not fully maintain competence through continued professional development nor demonstrate that competence through consistent and adequate preparation and performance and did not seek to enhance that competence by accepting and appropriating constructive criticism and evaluation by:

- Taking constructive criticism as hostile instead of learning from it. (Connally High School incident) (MCC Rebuttal Exhibits 5 and 6)
- Not following the ACGM course standards in Texas Government. (MCC Rebuttal Exhibit 4)
- Failing to fully communicate in his syllabus which caused issues for students. (MCC Rebuttal Exhibits 5 and 6)
- Communicating in a non-responsive, curt manner to a student at CHS student. (MCC Rebuttal Exhibits 5 and 6)

5) The Professional Educator shall support the goals and ideals of the college and shall act in public and private affairs in such a manner as to bring credit to the college.

The committee finds that the goals and ideals of the college are best reflected in our Core Values: People, Integrity, Communication, Excellence and Inclusiveness. Please see EXHIBIT A for a full discussion of our findings as they relate to this ground for good cause.

6) The Professional Educator shall observe the stated policies and procedures of the college, reserving the right to seek revision in a judicious and appropriate manner.



The Committee finds by majority vote that Professor Hubble did not always observe the stated policies and procedures of the college, reserving the right to seek revision in a judicious and appropriate manner and in support of that finding would offer the following:

- Whereas there are numerous policies and procedures in the MCC handbook, and while this is not an exhaustive list, multiple examples are enumerated in good cause grounds numbers 1 and 2 above.

7) The Professional Educator shall accept all rights and responsibilities of citizenship, always avoiding use of the privileges of his or her public position for private or partisan advantage.

The committee finds by majority vote that Professor Hubble did not fully accept all rights and responsibilities of citizenship by:

- Allegedly violating a criminal law (TPC 38.15) (Hubble Exhibit 2 and MCC Rebuttal Exhibit 8)
- Ignoring a police officer's verbal and nonverbal commands to "pull around". (MCC Exhibits 1, 2 and 12)

In addition to the committee's specific written findings regarding the 7 grounds of good cause, we are attaching our statement of what tenure should mean at MCC (Exhibit B) and our findings of whether or not Professor Hubble followed the responsibilities of tenure therein.

Finally, with much consideration and due diligence, the Committee finds by majority vote, as evidenced by our signature and names listed below, that we SUSTAIN the decision of MCC to dismiss Professor Hubble from his employment.

Respectfully Submitted,

Tamara D. Culver
Chair, Due Process Committee
Members: Dr. Elaine Fagner
Professor Nick Webb
Dr. Amy Antoninka
Professor Andrew Clayton

**EXHIBIT A – MCC CORE VALUES ASSESSMENT**

**People Matter - We will be honest, humble, respectful, and gracious to our students and to each other. We best serve our students, colleagues, and community when we work as a team.
(https://www.mclennan.edu/about/mission.html)**

The core value of people is one of the most important of the College's values because students, employees, and the community constitute the "people" of the institution. Professor Hubble is a valued part of the College community as are Officer Etchison and the student who was receiving a warning for rolling a stop sign. The Committee recognizes that everyone can have a bad day. However, mutual understanding did not seem to be a priority for Professor Hubble during the 1/25/2022 incident with Officer Etchison. Through his words and actions, as documented in MCC Exhibit 12 (Officer Body Camera), Professor Hubble demonstrated that his own convenience was more important to him than another colleague's duties.

With regards to this specific core value, the Committee finds by a majority vote the following:

1. The Committee noted that Professor Hubble focused most of his efforts during the 1/25/22 incident on protecting his rights to park in a specific handicapped parking spot. As such, he did not recognize the reason for needing to wait or access the spot from another route, as directed by Officer Etchison. This action could have compromised the safety of others for a traffic stop. (MCC Exhibits 11, 12, 13, 14, and 15)
2. The Committee finds that Professor Hubble's communication to the Human Resources Director, Missy Kittner, and MCC Police Department (MCCPD) Chief Williams reflected his sole reasoning without regard for other points of view. While Professor Hubble may not have intended his actions to be perceived in this manner, the mere appearance of not following the instructions of a licensed peace officer does not fulfill the institution's core value of people (matter).

Specific observations and findings made by the Committee with regards to the definition of this specific core value are listed below.

- With regards to the "**honesty**" section of "People Matter" core value, the Committee finds that Professor Hubble's honesty about whether he saw the driver of the silver mustang stop cannot be determined. The Committee does recognize that he believes he is being honest. However, the Committee finds that Professor Hubble was dishonest by misrepresenting how he characterized Officer Etchison's behavior in his email to Chief Williams. The Committee finds the officer's behavior was respectful and civil towards Professor Hubble and not aggressive or disrespectful as outlined in (MCC Exhibits 3 and 4)

- With regards to the "**humble**" section of "People Matter" core value, Professor Hubble should have the freedom to express his views in a reasonable manner without interfering with an officer's active duties. The Committee noted that Professor Hubble could have waited to engage with the officer and student after the traffic stop had concluded and that he could have been more respectful as previously noted. (MCC Exhibit 12)

- With regards to the "**respectful**" section of "People Matter" core value, the Committee feels that Professor Hubble could have communicated his specific disability needs and veteran status in a more respectful manner and avoided the incident altogether by taking an alternative route to handicap parking spaces in the parking lot. No evidence indicates that Professor Hubble was disabled or that the officer could know who he was. To assert that one deserves to use a specific route to a parking space and that his route to that space supersedes the police officer's duties shows arrogance, not humility. (MCC Exhibits 11, 12, 13, 14, and 15)

- With regards to the "**gracious**" section of "People Matter" core value. The Committee observed a lack of graciousness in Professor Hubble's conduct on 1/25/2022 with Officer Etchison. Professor Hubble did not consider the officer's concerns, and he did not apologize for his conduct. Instead, he conveyed them via email in an exasperated manner to Human Resources and Chief Williams as noted. (MCC Exhibits 1, 3, 4, 11, 12, 13, 14, and 15)

- With regards to the "**team**" section of "People Matter" core value, the Committee finds that Professor Hubble primarily acted on his own behalf rather than others' during the incident with Officer Etchison on 1/25/2022 as indicated in MCC Exhibits. Professor Hubble's primary concern expressed the desire to satisfy his own wishes as noted by his first words to the officer requesting that she move her car. This indicates Professor Hubble's initial concern was with his own convenience and was not in keeping with a team attitude. (MCC Exhibit 12)

**Integrity matters - We will work with the highest level of integrity, taking responsibility for all of our actions. We will tell the truth and seek to be fair in our decision-making and actions. (https://www.mclennan.edu/about/mission.html)**

With regards to this specific core value, the Committee finds by a majority vote the following:

1. The email Professor Hubble sent to Chief Williams on 1/25/22 at 2:18 pm (MCC Exhibit 4) stated, "*I have already filed an ADA complaint over your Officer blocking my access to handicap parking and her abusive and hostile attitude toward a disabled veteran.*" (MCC Exhibit 4) The Committee finds that Professor Hubble did not submit an ADA complaint to the MCC Police Department as noted

by Chief Williams' testimony during the hearing. The Committee recognizes that Professor Hubble may have submitted a complaint to Human Resources. However, the complaint was not provided as evidenced in the hearing by either party.
   2. The Committee notes that Professor Hubble likely observed the rolling stop of the student who was pulled over and misrepresented the truth by stating "*I saw him stop*" as supported by video evidence. (MCC Exhibit 11)

**Communication matters - We will be open, collegial, and courageous in our communications with students and with our colleagues. We will listen before we speak. We will communicate decisions and the reasons for them. (https://www.mclennan.edu/about/mission.html)**

The Committee finds that Professor Hubble made multiple choices on 1/25/2022 that did not reflect a desire to be fair, which helped to create an environment that was tense for Officer Etchison, the student who was driving the silver mustang, as well as the students observing the incident from the second floor of the MAC. In addition, Professor Hubble displayed tense emotions on a spectrum from concern and anxiety, to frustration and aggression. With regards to this specific core value, the Committee finds by a majority vote the following:

1. In Professor Hubble's encounter with Officer Etchison, the Committee finds that his tone and disposition were not collegial and he exhibited a one-way directive with the officer. Professor Hubble did not listen to Officer Etchison before he spoke to her nor did he adhere to her directives to return to his vehicle. Professor Hubble did ask the officer to move so he could park but did so in an aggressive manner. (MCC Exhibit 12)
2. Professor Hubble stated in an email to Chief Williams on 1/25/22 at 2:18 pm, "*I have already filed an ADA complaint over your Officer blocking my access to handicap parking and her abusive and hostile attitude toward a disabled veteran*". (MCC Exhibit 4) Professor Hubble also sent an email on 1/25/22 at 1:07 pm to the Director of Human Resources, Missy Kittner, stating, "*I wanted to let you know that I will be filing another complaint this one against MCC police for blocking my access to handicap parking and refusing initially to move to allow me to parking handicap parking. A detailed complaint will be filed*". (MCC Exhibit 3)
3. Professor Hubble evaded his taking responsibility and instead sought to blame others for inconveniencing him.
   a. First, Professor Hubble blames Office Etchison for blocking access to handicapped parking spaces, then for an erroneous traffic stop.
   b. Second, Professor Hubble walks past Officer Etchison on his way to enter the building but does not talk to her about the incident. This was a missed opportunity for him to take responsibility for his choices and seek to understand the officer's perspective.

    c. Third, Professor Hubble blames Officer Etchison for being hostile and aggressive toward him and for not respecting his status as a disabled veteran. It is unclear to the Committee why Professor Hubble would assume that the office knew he was a disable veteran without properly communicating this fact.

**Excellence matters - We will strive for excellence in all that we do. We will actively plan for the future, seeking new and innovative ways to accomplish our mission. (https://www.mclennan.edu/about/mission.html)**

The incident that occurred on 1/25/22 was observed by at least seven students in the MAC building on the 2nd floor and two students submitted videos they took of the incident as noted in MCC Exhibits 14 and 15. With regards to this specific core value, the Committee finds by a majority vote the following:

1. The Committee feels that the fact students felt they needed to document the event is evidence that these individuals knew the behavior was inappropriate. One of the responsibilities of a professor is to model professional (excellent) behavior for students and the community.

**Inclusiveness matters - We will seek to appreciate and understand our students and each other, actively seeking different viewpoints. We will work to create a civil, welcoming environment where our diverse community of students and employees learn, teach, and work together. (https://www.mclennan.edu/about/mission.html)**

With regards to this specific core value, the Committee finds by a majority vote the following:

1. Professor Hubble did indicate he decided to engage in the traffic stop to help a student as noted in his testimony on 6/30/2022. The Committee recognizes and appreciates his care for students. In this respect, the Committee feels that Professor Hubble did consider the inclusiveness of the student who was involved with the traffic stop.
2. The Committee also feels that the same level of care by tenured professors should be applied to providing students enrolled in one of their classes with regular and accurate communication. Based on Exhibit 6 of MCC Rebuttal Evidence, the Committee considers Professor Hubble's commitment to students was questionable for dual credit classes he taught at Connally Independent School District in 2018.
3. As previously noted in the first core value (People Matter), the Committee finds that Professor Hubble did not fulfill the core value of inclusiveness in terms of recognizing how his actions impacted others, including bystanders or observers

of the events he did not see were there. The Committee feels Professor Hubble acted on his own behalf rather than others on 1/25/2022.

The Committee recognizes these values as part of a healthy institution that serves its community well. Free inquiry, free expression, and open dissent—without coercion or fear of reprisal, unhindered by thought of personal gain or evasion of responsibility—support conscience, sound judgment, and common sense. The proper use of these (as King says of just laws) "uplifts the human personality," supports the common good, and promotes the values that this institution affirms.

Free expression in the pursuit of truth need not be upheld by authority. Thus, tenure assures that one may express oneself freely even if authority disagrees. The Committee affirms that Professor Hubble has served the college well in his pursuit of truth. He has advocated for fairness—in assignment of responsibilities and duties in the college as well as the privileges proffered by them. Professor Hubble is a champion of equal opportunity, particularly for veterans and disabled persons and he supports his students and cares for their well-being. In many ways, Professor Hubble has served this institution by drawing attention to serious matters that affect the college, its environment, and its effectiveness in serving the community.

While the Committee robustly affirm the aforementioned vital aspects of academic freedom, we also recognize that free expression may, in some cases, deny truth, undermine conscience, thwart good judgment, and silence common sense. In some cases, it may even endanger the safety of others. Therefore, we affirm that academic freedom is accompanied by "An equally demanding concept of academic responsibility" and that a faculty member with tenure may not be dismissed without good cause. (https://www.mclennan.edu/employees/personnel-handbook/Section/d.html) We recognize that. In regard to freedom of expression, we highlight these specific responsibilities from the Personnel Handbook, ACADEMIC FREEDOM, RESPONSIBILITY AND TENURE, as they are pertinent to this case.

> B. The exercise of professional integrity by a faculty member includes recognition that the public will judge the profession and Institution by public statements. Therefore, the faculty member should strive for accuracy and appropriate restraint, respecting different opinions, and making it clear that he/she does not speak or act for the Institution by public statements. Therefore, the faculty member should strive for accuracy and appropriate restraint, respecting different opinions, and making it clear that he/she does not speak or act for the Institution when speaking or acting as a private person.

> C. The constitutionally protected right of the faculty member to freedom of expression must be balanced with the Institution's interest in promoting the efficiency of its educational services. A faculty member's comments are protected even though erroneous or highly critical in tone or content, but are not protected free speech if they substantially impede the faculty member's performance of daily duties, or materially interfere with the regular operation of the Institution.

The Committee also finds by majority vote that the choices made by Professor Hubble on January 25, 2022 relate to these responsibilities. On this day, the Committee finds that Professor Hubble engaged in speech that did not strive for appropriate accuracy or restraint, instead his actions impeded a colleague's performance of her duties. On January 25, Professor Hubble potentially put an MCC police officer in danger. The Committee recognizes that his actions and speech undermined the safety of the people on campus.

The use of speech for personal gain in such a way that it potentially endangers another, violates one's duty to truth, to the free exchange of ideas, and may not be entitled to the protection of tenure. After careful deliberation, we conclude that the case against Professor Casey Hubble proceeded based on good cause.