IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CASEY HUBBLE, § | |
|    Plaintiff § | |
| § | |
| v. § | |
| § | Civil Action No. 6:22-CV-1087 |
| JOHNETTE McKOWN, Individually, § | |
|    AND § | |
| McLENNAN COMMUNITY COLLEGE § | |
|    Defendant § | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

  NOW COME DEFENDANTS, JOHNETTE McKOWN AND McLENNAN COMMUNITY COLLEGE, and hereby make and file this, their Original Answer to Plaintiff's Original Complaint and for said Answer would show the court as follows:

Defendants answer the numbered paragraphs of Plaintiff's Original Complaint as follows:

### I. FACTUAL ADMISSIONS AND DENIALS

  1. Defendants deny any wrongdoing to Plaintiff under the United States Constitution or laws. At all relevant times, Defendants acted in accordance with College policies and procedures and provided Plaintiff with all of the due process to which he was entitled.

  2. Defendant Johnette McKown acted at all relevant times in her capacity as an officer and employee of McLennan Community College and not in an individual capacity. Under McLennan Community College Policies, only the Board of Trustees has the authority to terminate the employment of a tenured professor such as Plaintiff. The College President is limited to making

recommendations to the Board. See pertinent provisions from College Policy F-III-a Academic Freedom Responsibility and Tenure attached hereto as Exhibit 1. Accordingly, she has no individual liability to Plaintiff and should be dismissed from this suit. Subject thereto, Defendants acknowledge that this Court has jurisdiction over this case.

3. Defendants admit that Plaintiff is a citizen of the United States and a resident of McLennan County, Texas. The remaining allegations in paragraph 3 are denied.

4. Admitted.

5. Admitted.

6. The Defendants have insufficient information to either admit or deny the material allegations in paragraph 6 and therefore deny said allegations.

7. Admitted.

8. Admitted except that Defendants can neither admit nor deny the accuracy of the date and therefore deny.

9. Defendants admit to receipt of the notice of action by the Southern Association of Colleges and Schools Commission on Colleges ("SACS") report attached to Plaintiffs Original Complaint as Exhibit1. The remaining material allegations in paragraph 9 are denied.

10. Denied.

11. The material allegations in paragraph 11 are denied.

12. Denied.

13. Defendants admit that Plaintiff was arrested. Defendants have insufficient knowledge of the remaining allegations in paragraph 13 to either admit or deny and, therefore deny the same.

14. Defendants have insufficient knowledge of the allegations in paragraph 14 to either admit or deny and, therefore deny the same. Defendants have no control over the McLennan County Jail or the operation thereof.

15. Admitted.

16. Admitted (except the quotation containing the reference to the policy incorrectly states "(Kf-III-a)"; the correct quote should be "(f-III-a)"). Defendants rescinded and replaced the February 1, 2022, letter on February 7, 2022. A copy of the February 7, 2022, letter is attached hereto as Exhibit 2.

17. Admitted.

18. Admitted except that the allegation that "the MCC Chief of Police contacted the District Attorney's Office and persuaded the assistant D.A. to reinstate the charges" is denied.

19. The Motion to Dismiss speaks for itself and the other allegations in paragraph 19 are denied.

20. The Defendants have insufficient information to either admit or deny the material allegations in paragraph 20 and therefore deny said allegations.

21. The holding of the Supreme Court speaks for itself.

22. Denied.

23. Admitted.

24. Plaintiff's behavior in accosting and interfering with a police officer in the performance of her duties in front of numerous students and employees on January 25, 2022, constitutes good cause for termination of his employment. He was so advised. Any material facts set forth in paragraph 24 of Plaintiff's Original Complaint, not herein admitted are denied.

25. Defendants admit that the Hearing Committee issued its report on July 6, 2022. Defendants have insufficient knowledge to admit or deny any material statements of fact in paragraph 25 and, therefore, deny said allegations. The committee report speaks for itself. Defendants cannot speculate on what the committee or individuals on the committee did or did not consider. Nothing in the policy under which the committee was established and under which the hearing held on June 29-30 required it to follow either the Texas or Federal Rules of Evidence or the Texas or Federal Rules of Procedure.

26. As provided in the policy (Exhibit 1), the testimony of Dr. McKown before the faculty committee was fully stenographically recorded and speaks for itself. Dr. McKown testified that professors who committed crimes or illegal acts resigned so that no procedure to revoke tenure was necessary. Any material facts set forth in paragraph 26 of Plaintiff's Original Complaint not herein admitted are denied.

27. The testimony of Dr. McKown before the faculty committee was fully stenographically recorded and speaks for itself. Defendants admit that Dr. Canham conducted an investigation related to a departed professor's complaint. All other relevant or material allegations of fact in paragraph 27, if any, are denied.

28. Defendants admit that certain documents were submitted to the Hearing Committee prior to the hearing, including documents that were clearly indicated to be "rebuttal exhibits." The

contents of the documents speak for themselves. Copies of all submitted documents were provided to Plaintiff and his attorneys prior to the Committee hearing.

29. Defendants admit that certain documents were submitted to the Hearing Committee prior to the hearing, including documents that were clearly indicated to be "rebuttal exhibits." The contents of the documents speak for themselves. Copies of all submitted documents were provided to Plaintiff and his attorneys prior to the Committee hearing. The documents speak for themselves. Defendants deny any relevant, material allegations of fact in paragraph 29.

30. Defendants admit that certain documents were submitted to the Hearing Committee prior to the hearing, including documents that were clearly indicated to be "rebuttal exhibits." The contents of the documents speak for themselves. Copies of all submitted documents were provided to Plaintiff and his attorneys prior to the Committee hearing. The documents speak for themselves. Defendants deny any relevant, material allegations of fact in paragraph 30.

31. Defendants admit that certain documents were submitted to the Hearing Committee prior to the hearing, including documents that were clearly indicated to be "rebuttal exhibits." The contents of the documents speak for themselves. Copies of all submitted documents were provided to Plaintiff and his attorneys prior to the Committee hearing. The Hearing Committee report speaks for itself. Defendants do not deny that the Report says what it says.

32. Defendants admit that certain documents were submitted to the Hearing Committee prior to the hearing, including documents that were clearly indicated to be "rebuttal exhibits." The contents of the documents speak for themselves. Copies of all submitted documents were provided to Plaintiff and his attorneys prior to the Committee hearing. The Hearing Committee report speaks for itself. Defendants do not deny that the Report says what it says.

33. Denied. All materials submitted to the Hearing Committee were provided to Plaintiff and his attorney prior to the hearing. In meetings with Dr. McKown and the Faculty Advisory Committee prior to the hearing by the Hearing Committee and in resolving earlier matters involving Plaintiff, Plaintiff contended that he was an outstanding teacher. Anticipating that this position might be raised by Plaintiff before the Hearing Committee, Defendants provided materials to the Hearing Committee and Plaintiff rebutting these assertions. Having been presented with these materials, Plaintiff elected not to raise any issue suggesting he was a superior teacher. When Plaintiff did not raise the issue, Defendants made no formal offer of the exhibits into evidence, even though the materials were available to Plaintiff and the Committee. Further, Defendants did not argue to the Hearing Committee that anything in the Rebuttal Exhibits should be used or considered.

34. Denied, except that Defendants admit that Plaintiff's request to delay the hearings was denied. The event which gave rise to the recommendation to terminate Plaintiff's employment which occurred on January 25, 2022, was extensively recorded on three surveillance cameras, the police body camera, and several student cell phone cameras. The facts are not in dispute.

35. The letter from the Board terminating Plaintiff's employment speaks for itself. Defendants deny that their actions constituted a denial of due process in any regard and Defendants deny any relevant, material allegations in paragraph 35.

36. Admitted.

## GENERAL DENIAL

Defendants deny any allegation in Plaintiff's Complaint not specifically admitted in this Answer, including any relief requested in the body of the Complaint or in the Prayer of the Complaint.

## CAUSES OF ACTION

37. Defendants acknowledge the incorporation by reference.

38. Admitted.

39. Denied. Defendant McLennan Community College terminated Plaintiff's employment for good cause in accordance with its Board policies. His termination was totally unrelated to his alleged exercise of free speech rights and Plaintiff's conduct on January 25 was not an exercise of his free speech rights. Defendant McKown had no authority to terminate Plaintiff's employment. Her sole responsibility was to make recommendations to the Board. Her recommendations, as relevant to the issues in this case were totally unrelated to any alleged exercise of free speech rights by Plaintiff.

## COUNT II

40. Defendants acknowledge the incorporation by reference.

41. Admitted.

42. Denied.

## COUNT III

43. Defendants acknowledge the incorporation by reference.

44. Admitted.

45. Denied.

## PLAINTIFF'S ATTORNEY'S FEES AND PRAYER FOR RELIEF

Plaintiff is not entitled to recover attorneys' fees and his request for same should be denied by the Court.

## PRAYER

Defendant Johnette McKown prays that she be dismissed from this case because all actions taken by her were in her official capacity and not in her individual capacity. Defendants pray that upon final hearing, Plaintiff recover nothing, and that Defendants recover their costs of Court and that they have such other relief, general or special, to which they may be entitled.

Respectfully submitted,

/s/ Philip E. McCleery
Philip E. McCleery          #13395000
Peter K. Rusek              #17400400
Cindy A. Culp               #24089329
SHEEHY, LOVELACE & MAYFIELD, P.C.
510 N. Valley Mills Drive, Suite 500
Waco, Texas 76710
Telephone No.: (254) 772-8022
Facsimile No.: (254) 772-9297
**ATTORNEYS FOR DEFENDANTS McLENNAN COMMUNITY COLLEGE AND JOHNETTE McKOWN**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 11, 2022, to the following counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system:

Douglas M. Becker
Monte Swearengen
Gray & Becker, P.C.
900 West Avenue
Austin, Texas 78701

                                                    /s/Philip E. McCleery
                                                    Philip E. McCleery

# McLennan Community College

## POLICIES AND PROCEDURES

| Reference: | F-III-a | Effective Date: | 06/02/2020 |
|---|---|---|---|
| Subject: | Academic Freedom Responsibility and Tenure | | |
| Source: | Board of Trustees | | |
| Approval Authority: | Board of Trustees | Approval Date: | 06/02/2020 |
| History: | Replaces previous policy dated March 30, 2020 | | |
| Remarks: | President signed for Board of Trustees due to Resolution Approved March 19, 2020 | | |

### I. ACADEMIC FREEDOM

Institutions of higher education are conducted for the common good, which depends upon an uninhibited search for truth and its open expression. Essential to this goal is the freedom of each faculty member to pursue scholarly inquiry without undue restriction and to voice and publish individual conclusions concerning the significance of evidence the faculty member considers relevant. Each faculty member must be free from the corrosive fear that others, inside or outside the community of higher education, because their vision may differ, may threaten the faculty member's professional career or the material benefits accruing from it.

Each faculty member is entitled to full freedom in the classroom in discussing the subject taught, but is expected to be judicious in introducing into teaching controversial matters which have little relation to the classroom subject. Each faculty member is a citizen of the nation, state and community; when speaking, writing, or acting as such, the faculty member must be free from institutional censorship or discipline.

### II. ACADEMIC RESPONSIBILITY

The concept of academic freedom for faculty must be accompanied by an equally demanding concept of academic responsibility of faculty. A faculty member has a responsibility to the institution, profession, students, and society at large. The rights and privileges of faculty members extended by society and protected by governing boards through written policies and procedures on academic freedom and tenure, and further protected by the courts, require reciprocally the assumption of certain responsibilities by faculty members.

# McLennan Community College

## POLICIES AND PROCEDURES

First and foremost, collegiality refers to the faculty member's ability to function as a cooperative member within the department and the college. The following list suggests other indicators of collegiality:

1. Committee Work – The faculty member must serve on committees for the college and/or for the department.

2. Volunteer to represent the college – The faculty member should demonstrate involvement in college activities such as participating with college clubs, working at the fair, assisting with career days, etc.

3. Professional Development Plan – The faculty member must maintain current professional development plan.

4. Adhere to college procedures as designated in the *Personnel Handbook* – The faculty member must adhere to college policies and procedures. Part of this responsibility is to complete and verify certified rolls, grade rolls, attendance guidelines, classroom responsibilities and to observe office hours.

## VII.  FAILURE TO COMPLY WITH EVALUATION PROCESS

If the faculty member fails to comply with faculty evaluation requirements, he/she is subject to disciplinary action. The disciplinary action will include, but is not limited to, withholding the annual salary schedule credit (i.e., board approved increases) and any step credit increases based on experience. Such penalties will remain in effect until such time as the faculty member has satisfied the evaluation requirements. Failure to satisfy the evaluation requirements within one year from the time of notification of lack of compliance will lead to dismissal in accordance with relevant personnel policies. There will be no retroactive credit for steps lost during the time the faculty member is out of compliance with the policy.

## VIII.  FACULTY DISMISSALS

The Institution is not required to give a tenure eligible faculty member or a tenure track faculty member a reason for a decision not to make a reappointment for another contract term. If there is a dispute over the decision for non-reappointment during any year of the "tenure-track" progress, a "petition for review for alleging inadequate consideration" can be filed with the Vice President of Instruction & Student Engagement and assigned to another Dean.  Each faculty member is entitled to see all of his or her personnel files and to obtain a copy of the information in these files at the expense of the person requesting it.

# McLennan Community College

## POLICIES AND PROCEDURES

Notice of non-reappointment, or of intention not to reappoint a faculty member, shall be given in writing in accordance with the following schedule:

A. For tenure track faculty in each of their first four years of probationary service and tenure eligible faculty, notice of non-reappointment will be given typically no later than April 1 of each year.

B. For tenure track faculty in their fifth year of probationary service and for tenured faculty, notice of non-reappointment will be given no later than August 15 of the year preceding the non-reappointment.

Tenured faculty members may be dismissed only for good cause. Good cause for dismissal of a faculty member with tenure may include any of the following:

A. Professional incompetence adversely affecting the performance of duties or the meeting of responsibilities to the Institution, students or associates.

B. Continuing or repeated substantial neglect of professional responsibilities adversely affecting the performance of duties or the meeting of responsibilities to the Institution, students or associates.

C. Moral turpitude adversely affecting to a material and substantial degree the performance of duties or the meeting of responsibilities to the Institution, students or associates.

D. Mental or physical disablement of a continuing nature adversely affecting to a material and substantial degree the performance of duties or the meeting of responsibilities to the Institution, students or associates subject to federal law.

E. Unprofessional conduct, as defined by the Texas Community College Teachers Association's Code of Professional Ethics (See Appendix), adversely affecting to a material and substantial degree the performance of duties or the meeting of responsibilities to the Institution, students or associates.

F. Downsizing due to bona fide financial exigency or the phasing out of institutional programs requiring reduction of faculty.

## IX. DOWNSIZING OF FACULTY

In accordance with Policy F-V-u, situations requiring the downsizing of the College's faculty within a department or division may become necessary in the event of:

# McLennan Community College

## POLICIES AND PROCEDURES

responsible for reviewing posted vacancies and complying with College procedures to be considered for a particular vacancy.

B. If rehired, the faculty will be compensated according to the current salary schedule established for the position in which the faculty is being employed.

### Effect of Downsizing the Faculty on Compensation and Benefits

A. Credited service and other benefits such as sick leave and vacation do not accrue during a period of downsizing. If re-employed, a faculty dismissed under this policy will have sick leave and credited service restored if the faculty returns to a benefits eligible position within six (6) months of the dismissal.

B. Life and disability insurance coverage ends as per the plan document.

C. Medical and dental insurance may continue under the provisions of COBRA if the faculty pays the full monthly premium. Otherwise, medical and dental insurance coverage ends on the last day of the month during which the RIF occurs.

## X.   DUE PROCESS PROCEEDINGS

Due process as set forth in this statement embodies a course of professional proceedings in line with rules and principles generally recognized in the academic community. Proper dismissal procedures, established in anticipation of their being needed, are essential to an effective tenure system.

*Any allegation related to discrimination claims shall be administered using the Discrimination Resolution Process (Policy F-V-s).*
In this Institution, these procedures include the following components:

A. These dismissal procedures apply to a faculty member who has tenure, or whose term appointment has not expired, or who alleges a prima facie case of violation of academic freedom in the non-renewal of his or her contract. If the faculty member has tenure or an unexpired appointment extending beyond the period of the proposed dismissal, the burden of proof is upon the College to show good cause why he or she should be dismissed. If the faculty member does not have tenure, but contends that the non-renewal of his or her contract constitutes a violation of his or her academic freedom, the burden of proof is upon the faculty member.

B. Due process carries with it the right of a tenured faculty member, or a faculty member with an unexpired term contract, or a faculty member who alleges

# McLennan Community College

## POLICIES AND PROCEDURES

a prima facie case of a violation of academic freedom in the non-renewal of his contract to a fair hearing before an elected committee of his peers. The following procedure shall be observed in this Institution:

**Personal Conference:** When a reason arises to question the fitness of a faculty member, the appropriate administrative officers should discuss the matter with him or her in a personal conference. The matter may be terminated by mutual consent at this point; but, if an adjustment does not result, the matter should be taken up by the Advisory Committee, if the faculty member makes such a request.

**Advisory Committee:** The Advisory Committee shall be a standing committee of three members. The members shall be appointed by the President of the College from a panel of six elected by the faculty. Of the three persons initially appointed, one shall serve three years, one shall serve two years, and one shall serve one year.

Thereafter, one member shall be appointed annually by the President of the College from a panel of three elected by the faculty, and shall serve for three years. Should a place on the committee become vacant prior to the expiration of a normal term, a replacement shall be appointed by the President of the College from a panel of three elected by the faculty and shall serve for the remainder of the unexpired term. The Advisory Committee proceedings may be informal and flexible. The Committee shall make such inquiries as it deems necessary, offer confidential advice to the faculty member and the administration, and the committee may recommend to the President a hearing by the Hearing Committee. If a hearing is to be held, the President shall formulate a reasonably detailed statement of the grounds for dismissal, giving due regard to the Advisory Committee's report.

**Hearing Committee:** The Hearing Committee shall be an ad hoc committee of five members. These five members shall be chosen by lot from a panel of eight elected by the faculty. The Hearing Committee shall not include members of the Tenure Advisory Committee. In cases involving tenured faculty, the Hearing Committee shall include only faculty members of tenured status. Each member shall be subject to challenge for cause.

If a hearing is recommended, the President of the College shall send a letter to the faculty member informing him/her of the grounds for dismissal proceedings, and informing him/her that, should he/she so request, a hearing to determine whether he/she should be removed from his/her faculty position will be conducted by the Hearing Committee at a specified time and place. The President's letter shall inform the faculty member of

## McLennan Community College

### POLICIES AND PROCEDURES

the procedural rights which will be accorded to him/her in the hearing. These shall include an advisor of his/her own choosing to act as counsel; a full stenographic record of proceedings; a transcript, which is to be made available to him/her and to the President; the right to question witnesses; the opportunity to be confronted by all witnesses adverse to him/her; and, if a witness cannot appear, the right to the name and statement of the witness.

If the faculty member desires a hearing, he/she must notify the President of the College by registered mail or telegram within two weeks after receiving the President's statement of grounds of dismissal.

Suspension of a faculty member from his/her usual duties during the proceedings involving his/her dismissal is justified only if his/her welfare or that of the Institution or its students is threatened by his/her continuance. Any such suspension should be with pay and with provisions for appropriate duties whenever possible. The President of the College is the official with authority to suspend with pay.

In deliberating, the Committee shall allow oral arguments or written briefs by the President of the College or his/her representative, and by the faculty member or his/her representative. The hearing shall be closed unless the affected faculty member requests it to be open. The Committee shall make explicit findings with respect to each of the grounds for removal presented and shall recommend whether or not there is good cause for dismissal. The Committee's recommendation shall be conveyed in writing to the President of the College and to the faculty member.

**Governing Board:** If the faculty member's appointment is proposed to be terminated by the President, he or she should transmit the full report of the Hearing Committee and his or her recommendation to the Board of Trustees. If the recommendation of the President for termination conflicts with the recommendation of the Hearing Committee, at the request of the faculty member, the Board of Trustees should review the case based on the record of the hearing, with opportunity for argument by the principals or their representatives. If the recommendations of the President and the Hearing Committee are in accord, the Board may choose to limit such review as it may make to a review of the record of the hearing. The decision of the Hearing Committee should either be sustained or the proceedings be returned to the President and to the Committee with objection specified. In the latter case, the Committee should promptly reconsider, taking into account the stated objections and receiving new evidence if directed to do so by the Board. It should frame its reconsidered recommendation and

# McLennan Community College

## POLICIES AND PROCEDURES

communicate it in the same manner as before. After review of the Hearing Committee's reconsideration, the Board of Trustees should render its own final written decision with a copy provided to each of the principals.

## XI. WRITTEN TERMS OF EMPLOYMENT

The Institution shall provide each faculty member with a statement in writing of the terms of his or her employment. These terms shall include but not be limited to special conditions, duties, and any special prerequisites. The document shall also include, but not exclusively, such items as rank, salary, tenure provisions; whether the position is full-time, part-time, or temporary; and the inclusive dates of the term of service.

## XII. PROFESSIONAL DEVELOPMENT

As previously stated under Academic Responsibility #1, the fundamental responsibilities of a faculty member as a teacher and scholar include maintenance of competence in the field of specialization and the exhibition of competence in the classroom, studio, or laboratory through discussions, lectures, consultations, publications, and/or active participation in professional organizations. Thus, the institution requires that all full-time faculty members must list their proposed professional development activities each year in their Professional Development Plan (PDP) including attendance at the bi-annual Professional Development Day and an additional number of hours of professional development to equal a minimum of 12 hours a year. Appropriate activities for professional development include:

   A. College level courses and continuing education units in a faculty member's teaching field, related fields, or teaching/learning theory.

   B. MCC professional development (ZPOD) courses which cover topics such as policy, profession, instruction, and technology. Should not include wellness courses.

   C. Conferences, clinics, seminars, symposia, workshops, and similar activities.

   D. Specialized training and/or skill development, professional performances, and creative work.

   E. Travel related to a faculty member's teaching field, related fields, or teaching/learning theory.

# McLennan Community College

## POLICIES AND PROCEDURES

### CODE OF PROFESSIONAL ETHICS
### (Revised February 20, 1997)

The McLennan Community College Board of Trustees endorses the Code of Professional Ethics adopted by the Texas Community College Teachers Association as described below:

- The Professional Educator shall treat all persons with respect, dignity, and justice discriminating against no one on any arbitrary basis such as ethnicity, creed, gender, disability, or age.

- The Professional Educator shall strive to help each student realize his or her full potential as a learner and as a human being.

- The Professional Educator shall by example and action encourage and defend the unfettered pursuit of truth by both colleagues* and students, supporting free exchange of ideas, observing the highest standards of academic honesty and integrity, and seeking always an attitude of scholarly objectivity and tolerance of other viewpoints.

- The Professional Educator shall work to enhance cooperation and collegiality among students, faculty, administrators, and other personnel.

- The Professional Educator shall recognize and preserve the confidential nature of professional relationships, neither disclosing nor encouraging the disclosure of information or rumor which might damage or embarrass or violate the privacy of any other person.

- The Professional Educator shall maintain competence through continued professional development, shall demonstrate that competence through consistently adequate preparation and performance, and shall seek to enhance that competence by accepting and appropriating constructive criticism and evaluation.

- The Professional Educator shall make the most judicious and effective use of the college's time and resources.

- The Professional Educator shall fulfill the employment agreement both in spirit and in fact, shall give reasonable notice upon resignation, and shall neither accept tasks for which he or she is not qualified nor assign tasks to unqualified persons.

# McLennan Community College

## POLICIES AND PROCEDURES

- The Professional Educator shall support the goals and ideals of the college and shall act in public and private affairs in such a manner as to bring credit to the college.

- The Professional Educator shall not engage in sexual harassment of students or colleagues and shall adhere to the college's policy on sexual conduct.

- The Professional Educator shall observe the policies and procedures of the college, reserving the right to seek revision in a judicious and appropriate manner.

- The Professional Educator shall participate in the governance of the college by accepting a fair share of committee and institutional responsibilities.

- The Professional Educator shall support the right of all colleagues to academic freedom and due process and defend and assist a professional colleague accused of wrongdoing, incompetence, or other serious offense so long as the colleague's innocence may reasonably be maintained.

- The Professional Educator shall not support a colleague whose persistently unethical conduct or professional incompetence has been demonstrated through due process.

- The Professional Educator shall accept all rights and responsibilities of citizenship, always avoiding use of the privileges of his or her public position for private or partisan advantage.

---

*In this Code the term "colleague" refers to all persons employed by colleges in the educational enterprise.*

### ACADEMIC FREEDOM ENDORSEMENT

Institutions of higher education have long maintained a tradition of support for academic freedom and opposition to censorship. From the beginning, McLennan Community College's Board of Trustees and administration have strongly supported these concepts essential to a viable and credible institution. The faculty supports this tradition and recognizes the responsibility of communicating these basic principles to the institution's multicultural student body in a holistic and objective manner. McLennan Community College must provide the academic atmosphere whereby new and diverse ideas can be expressed.
*(Adopted by the Faculty Council, January 22, 1992.)*



February 7, 2022

Professor Casey Hubble
249 Sunrise Lane
McGregor, TX 76657

Professor Hubble:

This letter shall rescind and replace the previous letter sent on February 1, 2022.

The College plans to move forward with the Due Process Proceedings provided for in the Policies and Procedures Manual. These proceedings are related to but not limited to your conduct associated with a police officer while she was executing a traffic stop in the College parking lot on January 25, 2022.

Pursuant to the Policies and Procedures Manual and specifically the Academic Freedom Responsibility and Tenure Policy (F-III-a), you are being placed on paid suspension pending the outcome of any Due Process Proceedings.

At this time and pending the outcome of any Due Process Proceedings, I ask you to comply with the Trespass Order and refrain from coming onto campus for any reason other than a scheduled meeting with Human Resources, a Vice President, the Due Process Advisory Committee, or me. You are further instructed while you are suspended to avoid contact with MCC students or staff. Your classes have been reassigned to other faculty at this time and will continue in that fashion through the end of the semester.

Please contact Ms. Kittner at (254) 299-8514 or mkittner@mclennan.edu if you have questions concerning your benefits during this time. I suggest that your attorney work with the College's attorney Mr. Phil McCleery during the duration of these matters.

Sincerely,

*Johnette McKown*

Johnette E. McKown
President


Attachment: Policy F-III-a – Academic Freedom Responsibility and Tenure Policy